

**U.S. Department of Justice**

United States Attorney

*Eastern District of Arkansas*

---

*425 West Capitol*  *(501) 340-2600*
*Avenue, Suite 500*

*Post Office Box 1229*
*Little Rock, Arkansas*
*72203-1229*

March 4, 2021

<u>*VIA U.S. and ELECTRONIC MAIL*</u>

Sung Kim   TemperImpala64@yahoo.com and LHJ7320@icloud.com
3479 Ennfield Way
Duluth, Georgia 30096

Re:  *United States of America v. $332,057.00 in U.S. Currency*
USDC EDAR, Case No. 4:20CV00307 KGB

Dear Mr. Kim:

This letter concerns issues with your answers to the Special Interrogatories you provided in January. Please address the issues noted below by April 5.[1]

- Special Interrogatory No. 2: In your response, you mention that you intended to provide a copy of your 2019 federal tax return with your answers; please be advised that we have not received a copy of the return yet. Please provide it. In addition, your response does not include any references to any records that document your use of the business addresses (for example, the names of your utility companies). Please either provide copies of records documenting your use of the business

---

[1] Please recall that you have been ordered by the Court to provide full and complete responses to these requests. *See* the attached Order, ECF No. 12. After you did not comply with the Court's 14-day deadline, the United States asked the Court to strike your claim and answer. *See Motion*, ECF No. 13. After receiving your initial responses, the United States withdrew its motion to strike in a good-faith effort to resolve this case on the merits. *See Joint Status Report*, ECF No. 17. Please be advised that if you do not supplement your answers by April 5, the United States reserves its right to renew its motion to strike.

- addresses or identify where those records can be found (for example, you could identify your landlord and utility companies at each address).

- Special Interrogatory No. 3: Please provide your wife's phone number and email address. Please also specify how much of the money belongs to you and how much belongs to her. While all the responses are important, the deficiencies in this response are particularly concerning. *See United States v. $284,950*, 933 F.3d 971, 974 (8th Cir. 2019) (affirming the striking of a claim, in part, because the claimant did not specify how much money he was claiming personally and how much he claimed belonged to his business).[2] The request asks over what period you accumulated the money. Your explanation starts at your marriage, but it also implies some of the money was earned before your wedding. You do not explain over what period you acquired the money you brought with you into the marriage. Please do so. In addition, please identify your wife's father and all other family members who entrusted you and your wife with the "significant sums" of money and "marriage gifts" referenced in paragraph 1 of your answer. Your identification should include each person's name, physical address, email address, and phone number.

- Special Interrogatory No. 7: Please identify each place where you worked and earned income to save. Please also identify each "profitable car" you sold in 2019. Your identification should include the buyer's name, physical address, email address, and email; the date of the sale; and the make, model and VIN number of each car.

- Special Interrogatory No. 8: Your response should include a reference to or copies of records from your employment and the car sales.

- Special Interrogatory No. 9: Please re-visit this response. Your request does not include any reference to food, insurance, or taxes. Please address those expenses and reconsider whether any other recurring expenses were omitted.

- Special Interrogatory No. 10: Please provide copies of bills from your gas company, cellular provider, and car and home insurance companies or identify which companies provided those services to you.

- Special Interrogatory No. 14: Your response to Special Interrogatory Number 13 mentions that you were previously stopped by "fake police." Your response to this interrogatory should identify or provide copies of records from that matter.

---

[2] Please also take note that if it is your contention that your wife is an owner of the property, you need to amend the claim you filed when you appeared in the case. That document asserts, under oath, that all the seized money belongs to your personally. *See* Claim, ECF No. 4.

Sung Kim
March 4, 2021
Page 3 of 3

- Special Interrogatory No. 15: Your response does not indicate your authority to pursue a claim on behalf of your wife in this case. For example, please explain whether she has executed a power of attorney or other document that gives you authority to seek the return of the monies that belong to her.

- Special Interrogatory No. 16: Please revisit this response when you supplement your answer to Special Interrogatory No. 15.

- Special Interrogatory No. 17: Your response does not provide any information about which each person might know. Please supplement your response to provide that information.

- Please remember that, similar to the initial responses, you must repeat the question asked, *See* Local Rule 33.1(a), and sign the answers under penalty of perjury. *See* Fed. R. Civ. P. Supp. R. G(1) (stating that the Federal Rules of Civil Procedure apply when Rule G "does not address an issue[.]"); Fed. R. Civ. P. 33(b)(5) (requiring that a party answering interrogatories sign them).

You are welcome to email your supplemental responses to me when they are ready. My email is address is Cameron.McCree@usdoj.gov. Thank you.

Sincerely,

JONATHAN D. ROSS
Acting United States Attorney

By:   CAMERON C. McCREE
      Assistant U.S. Attorney

Enclosures

THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                        PLAINTIFF

v.                              Case No. 4:20-cv-00307-KGB

$332,057.00 IN UNITED STATES CURRENCY                                           DEFENDANT

ORDER

Plaintiff in this civil-forfeiture action, the United States of America, has moved to compel claimant Sung Kim to answer its special interrogatories, issued under Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Dkt. No. 9). The motion was filed on July 20, 2020. To date, Mr. Kim has not responded to the motion, and the time to do so has passed. *See* Local Rule 7.2(b) ("Within fourteen (14) days from the date of service of copies of a motion and supporting papers, any party opposing a motion shall serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities."). Under the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas, the failure to respond timely to any non-dispositive motion is an adequate basis, without more, for granting the relief sought in the motion. *See* Local Rule 7.2(f).

Accordingly, the Court grants the United States' motion to compel and orders Mr. Kim to respond to the special interrogatories within 14 days from the entry of this Order. The special interrogatories are attached to the United States' motion to compel (Dkt. No. 9-3).

Mr. Kim is advised that his continued failure to comply with discovery obligations may result in the striking of his claim. *See United States v. $579,475.00 in U.S. Currency*, 917 F.3d 1047, 1049 (8th Cir. 2019) ("Rule G(6) allows the government to serve special interrogatories that may be used to test the claimant's relationship to the property at any time after the claim is filed,

and a claimant's failure to comply with the interrogatory rule is grounds to strike the claim." (citing Supplemental Rule G(8)(c)(i)(A))); *see also United States v. $284,950.00 in U.S. Currency*, 933 F.3d 971, 974 (8th Cir. 2019) (explaining that, in the civil-forfeiture context, "the special role that special interrogatories play in the scheme for determining claim standing may justify a somewhat more demanding approach than the general approach to discovery sanctions under Rule 37" (alterations, citation, and internal quotation marks omitted)), *cert. denied sub nom. Thompson v. United States*, 206 L. Ed. 2d 861 (Apr. 27, 2020).

It is so ordered this 19th day of August, 2020.

_____
Kristine G. Baker
United States District Judge