IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**            **PLAINTIFF**

V.        **CASE NO 4:20CV00307 KGB**

**$332,057.00 IN U.S. CURRENCY**           **DEFENDANT**

**SUNG KIM**            **CLAIMANT**

**CLAIMANT'S REPLY TO THE UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO SUNG KIM'S MOTION TO SUPPRESS EVIDENCE**

COMES NOW the Claimant, Sung Kim, by and through his attorney, Toney Brasuell of the Brasuell Law Firm, and for his Reply states that this Reply Brief seeks to clarify certain points made by the Government in its Response. Some points raised by the Government's response are not replied to specifically in this brief but should not be construed as a waiver of those arguments. In this Reply Brief, Claimant reincorporates each and every argument made in Claimant's Motion to Suppress. Claimant replies as follows:

1. **Premature:**

The Government's main argument, that the Motion to Suppress is premature, is simply a red herring, does not accurately reflect the rules governing

Claimant's Motion to Suppress, and misconstrues the case law to support its position.

Rule G(8)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions states: "If the defendant property was seized, a party with standing to contest the lawfulness of the seizure may move to suppress use of the property as evidence. Suppression does not affect forfeiture of the property based on independently derived evidence."

First, the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions differentiate between a motion to suppress and motion to dismiss.  Nothing in this rule requires answers to special interrogatories be made prior to the court ruling on a motion to suppress, only that the Claimant have standing to contest the lawfulness of the seizure.  The Government is attempting to conflate the requirements of Rule G6(c) and G8(b) with Rule G8(a).  Further, Sung Kim did respond to the special interrogatories and provided hundreds of pages of documents to the Government in support of his answers.

To support its position, the Government cited *United States v. Vazquez-Alvarez*, 760 F.3d 193, 197-98 (2d Cir. 2014) for the proposition that the Claimant lacks the right to bring ***any*** motion.  However, the Government misconstrued the opinion and left out the most important part of the ruling: "If the government moves to strike a claim, that motion to strike "must be decided before any motion by the claimant to dismiss the action."" *Vazquez-Alvarez* at 197 (*citing* Forfeiture Rule G(8)(c)(ii)(A)).

2

The Government also cited *United States v. $284,950.00 in U.S. Currency*, 933 F.3d 971, 974 (8th Cir. 2019) and stated, "explaining that a motion to strike must be decided before ***any*** motion." Again, the Government misconstrued the case and left out the most important part of the ruling. The Eighth Circuit stated, "[b]ut the Government's motion to strike "must be decided before any motion by the claimant to dismiss the action."" *$284,950.00 in U.S. Currency* at 975 (*citing* Fed. R. Civ. P. Supp. R G(8)(c)(ii)(A)). Here, Claimant has not filed a motion to dismiss pursuant to that rule but rather a motion to suppress pursuant to Rule G(8)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Further, on Page 13 of the Government's Response, the Government again cited *United States v. $284,950.00 in U.S. Currency*, 933 F.3d 971, 975 (8th Cir. 2019) after stating, "[a]nd where the Court is presented with both a motion to strike and a motion to suppress, the Court is entitled to resolve the motion to strike first." The Eighth Circuit stated, "[f]inally, Thompson argue that his motion to dismiss was improperly denied because the Government failed to state a claim against the currency. But the Government's motion to strike "must be decided before any motion by the Claimant to dismiss the action."' Fed. R. Civ. P. Supp. R. G(8)(c)(ii)(A). Neither of these two cases stand for what the Government argues regarding a motion to suppress filed by the Claimant.

The Advisory Committee Notes to Rule G specifically address the difference in governing principles which apply to suppression motions as opposed

3

to motions to dismiss, providing that: "[s]tanding to suppress use of seized property as evidence is governed by principles distinct from the principles that govern claim standing. A claimant with standing to suppress forfeiture may not have standing to seek suppression." It is necessary to distinguish between the types of motions because the Fourth Amendment principles which govern standing for a motion to suppress are distinct from the ownership principles which govern a motion to dismiss.

Finally, the government's suggestion that the Court hold in abeyance a ruling on this motion until all discovery is nonsensical and only solidifies the red herring statement made above. The Government stated, "[t]he outstanding requests will provide the Court with the best picture of what occurred during the stop and provide additional information that will assist the Court when it weighs the credibility of the witnesses." The best picture of what occurred is on the dash cam video provided by the Claimant. The Government's main argument is without merit and the Court should grant Claimant's motion to suppress.

2. **Violation of Arkansas Statute:**

The Government's second argument, Trooper May witnessed a traffic violation, is clearly against the best evidence, the video of the traffic stop. Claimant's motion to suppress with exhibits provided the court with a clear picture of the actions prior to the traffic stop and detail why those actions by Mr. Kim were not violative of Arkansas law and why the stop was without probable cause.

3. **The Traffic Stop:**

The Government's third argument, Trooper May's questions about the Kims' identities, criminal histories, and travel plans were within the scope of a routine traffic stop, is confusing at best. Claimant's motion to suppress did not argue these questions were outside the scope of the routine nature of a traffic stop. The Government's response misconstrues Claimant's motion on this point as Claimant cited case law to support the fact that certain questions are legal during a routine traffic stop.

In its motion, Claimant made the following argument: According to Trooper May, the purpose for the stop was to investigate the crossing of the fog line. Authority for the seizure ends when the tasks tied to the traffic infraction are – or reasonably should have been – completed. *Rodriguez v. U.S.*, 575 U.S. 348, 354 (2015). Exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures. *Rodriguez v. U.S.* at 350. Although an officer may conduct certain unrelated checks during a traffic stop, he may not do so in a way that prolongs the stop, absent the reasonable suspicion ordinarily demanded to justify detaining an individual. *Id* at 354.

The Eighth Circuit has acknowledged that certain actions incident to a lawful traffic stop are permitted, such as requesting the driver's license and registration, requesting that the driver step out of the vehicle, requesting that the driver wait in the patrol car, conducting computer inquiries to determine the validity of the license and registration as well as the driver's criminal history, and making inquiries into

5

the motorist's destination and purpose. *U.S. v. Jones*, 269 F.3d 919, 924 (8th Cir. 2001).

However, in *United States v. Jones*, the Eighth Circuit found that once this initial investigation has been completed, the legitimate purposes of the traffic stop are completed, and it is an unreasonable extension of the scope of the investigation to further detain the driver or his vehicle, absent the occurrence of something during the stop that generated the necessary reasonable suspicion to justify a further detention. *Id.* at 925. This suspicion must be based upon "particularized, objective facts which, taken together with rational inferences from those facts, reasonably warrant suspicion that a crime [is] being committed." *Id.* at 927.

Here, similar to *Jones* and *Boyce*, the traffic stop was unreasonably prolonged beyond the time necessary to conduct the original traffic investigation, and the facts do not give rise to an objective determination of reasonable suspicion. The traffic stop ended when Trooper May informed Mr. Kim he did not intend to issue a ticket, at which point his purpose for pulling Mr. Kim over was complete. By this time, Trooper May had already performed a background check and completed the necessary tasks associated with the traffic stop. Extending the detention further to conduct additional checks and await arrival of a drug dog was an impermissible prolonging of the stop. Despite the absence of factors which would objectively give rise to reasonable suspicion, Trooper May immediately called for a drug dog following Mr. Kim's denial of consent to search the vehicle. This immediacy, like in *Boyce,* suggests that Trooper May unlawfully based his decision to continue the

detention of Mr. Kim on Mr. Kim's assertion of his constitutional right. The only significant event between the time Trooper May stated his non-intent to issue a ticket and the time he called for a drug dog was Mr. Kim's assertion of his constitutional right not to allow Trooper May to search his car; this would suggest that Trooper May based his decision to further detain Mr. Kim on Mr. Kim's refusal to consent.

4. **Other Government Arguments:**

The Government's Fourth, Sixth, and Seventh responses are denied by the Claimant as without merit. Claimant defers to the Motion to Suppress.

5. **Conclusion:**

Based on the arguments made in Claimant's Motion and Reply, the Court should grant the motion, suppress the use of the property as evidence, and for all other relief the Court deems necessary and proper.

Respectfully submitted,

**Toney Brasuell**
ABA No. 2005279
Brasuell Law Firm, PLLC
3700 Old Cantrell Rd., Suite 102
Little Rock, AR 72202
(501) 404-7111-phone
toney@tbblawyer.com